**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 13-mj-01065-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SAMUEL MARRUFO RUIZ,

    Defendant.

_____

**CERTIFICATE OF AUTHORIZATION TO EXTRADITE**
_____

This matter came before the Court on July 17, 2013 for a determination, pursuant to the extradition treaty between the United States and the Government of Mexico, 31 U.S.T. 5059; TIAS 9656, of whether the evidence of criminality presented by Mexico is "sufficient to sustain the charge under the provisions of the proper treaty or convention." 18 U.S.C. § 3184. I find, based on the following, that the evidence is sufficient and therefore certify the same to the United States Secretary of State.

### I. Background

**A.**     **Legal Authority for Proceeding**

It is the prerogative of the executive branch to conduct foreign affairs. *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 828-829 (11th Cir. 1993). In an extradition proceeding, the Article III branch's role is limited. *Id.* The Court is to determine the sufficiency of the request to extradite under the applicable treaty provisions, *id.*; 18 U.S.C. §§ 3184, 3186, which is accomplished through an extradition hearing pursuant to 18 U.S.C. § 3184. If the Court decides that the elements necessary for extradition are present, it

certifies the authority to extradite the fugitive, making written factual findings and conclusions of law. *Shapiro v. Ferrandino*, 478 F.2d 894 (2d Cir. 1973). This certification is provided to the United States Department of State for disposition. The Secretary of State makes the ultimate decision as to whether to surrender the fugitive to the requesting country. *See Martin*, 993 F.2d at 829 ("The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations, which the extradition magistrate may not.").

**B.     Nature of Hearing**

Based on my review of the applicable case law authority, the hearing in this matter was to determine whether the equivalent of probable cause is established. *See, e.g., Peters v. Egnor*, 888 F.2d 713, 717 (10th Cir. 1989). The United States has provided authenticated documentary evidence relating to Mexico's allegations against Mr. Ruiz. At the hearing, the United States presented argument. Mr. Ruiz presented argument regarding the evidence presented by the United States.

## II. Elements Concerning Extradition Determination

**A.     Authority of the Judicial Officer**

The statute, 18 U.S.C. § 3184, authorizes a broad class of judicial officers to hear extradition cases. Federal judges are authorized by the statute to hear and decide extradition cases; the statute expressly provides that magistrate judges may do so. In the District of Colorado, Local Rule 57.1(B)(8) authorizes magistrate judges to "exercise powers and duties necessary for extraditing fugitives." D.C.COLO.LCrR 57.1(B)(8).

**B.     Jurisdiction Over the Fugitive**

The Court has jurisdiction over a fugitive found within its jurisdictional boundaries. 18 U.S.C. § 3184 (court "may, upon complaint made under oath, charging any person found within [its] jurisdiction . . . issue [its] warrant for the apprehension of the person so charged"). *Pettit v. Walshe*, 194 U.S. 205, 219 (1904). Generally speaking, if the fugitive is before the Court, the Court has personal jurisdiction. *In re Pazienza*, 619 F. Supp. 611 (S.D.N.Y. 1985).

**C.     Treaty in Full Force and Effect**

The extradition statute, 18 U.S.C. § 3184, limits extradition to instances in which a treaty is in force between the requesting state and the requested state. *See, e.g., Argento v. Horn*, 241 F.2d 258 (6th Cir. 1957). Here, the applicable extradition treaty between the United States and Mexico is located at TIAS 9656, 31 U.S.T. 5059, 1980 WL 309106 (the "Treaty"). It was signed in Mexico City on May 4, 1978. Mexico ratified the Treaty on January 31, 1979. The United States ratified the Treaty on December 13, 1979. The ratifications were exchanged on January 25, 1980 and the Treaty entered into force on that day and remains in force. In this case, the government has provided the Declaration of an Attorney Advisor in the Office of the Legal Advisor for the Department of State attesting that the Treaty is in full force and effect. *See Decl. of Julie B. Martin* (000001-3) at ¶ 3. This determination by the Department of State is entitled to deference from this Court. *Terlinden, v. Ames*, 184 U.S. 270, 288 (1902); *Kasternova v. United States*, 365 F.3d 980, 985-987 (11th Cir. 2004); *United States ex rel Saroop v. Garcia*, 109 F.3d 165, 171 (3d Cir. 1997); *Then v. Melendez*, 92 F.3d 851, 854 (9th Cir. 1996).

**D.     Crimes Extraditable Under the Treaty**

The Treaty provides for the return of fugitives charged with, or found guilty of, committing a crime in the territory of the requesting country. TIAS 9656, Article 1. Pursuant to Article 2 of the Treaty, extradition shall take place for willful acts which are punishable in accordance with the laws of both contracting parties by deprivation of liberty of at least one year. *See* TIAS No. 9656, Art. 2, Para. 1. The documents submitted by Mexico establish that the fugitive has been charged with committing the crime of homicide during a fight described and punishable by Articles 123 and 128 of the Criminal Code for the State of Chihuahua, Mexico. *See Guerrero Aff.* (000049-60) at 000052-53; *Guerrero Aff., Ex. 4* (000087-90) at 000087. Pursuant to 18 U.SC. § 1111, murder, the equivalent of homicide in the United States, is a crime. The maximum punishment in both countries for this offense exceeds one year imprisonment.

The Treaty further provides that "[e]xtradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested State." *See* TIAS No. 9656, Art. 1. Here, the limitations period for the crime with which Mr. Ruiz is charged in Mexico, homicide during a fight, expires on December 9, 2013. *See Guerrero Aff.* (000049-60) at 000052-53; *Guerrero Aff., Ex. 4* (000087-90) at 000087. However, on June 5, 2013, Judge Hector G, Rodriguez Manriquez of Mexico suspended the statute of limitations pursuant to Article 115 of the Criminal Code for the State of Chihuahua, Mexico, because there is an extradition proceeding pending. *See Certification of Jesus Ivan Median Arellano* (000303-4) at 000303-304 ("the international extradition of the afore-mentioned accused is being processed . . . . Therefore, the statute

of limitations suspension for exercising criminal action is decreed . . .") (emphasis deleted); *Guerrero Aff., Ex. 4* (000087-90) at 000089. In the United States murder can be charged as a capital offense for which there is no statute of limitation. 18 U.S.C. §§ 1111(b), 3281. Therefore, homicide during a fight is an extraditable offense under the Treaty.

**E.     Probable Cause**

This element is satisfied by sufficient evidence to establish probable cause that a crime was committed and that the person before the court committed that crime. The standard of proof in extradition proceedings is that of probable cause, as commonly used in federal law. *Sindona v. Grant*, 619 F.2d 167 (2nd Cir. 1980). The documentation provided by Mexico establishes probable cause for the charged offense. The documents provided by the Government of Mexico were certified by the United States' principal diplomatic officers in Mexico in accordance with 11 U.S.C. § 3190. *See Decl. of Julie B. Martin* (000001-3) at ¶ 6. Mexico alleges that, on September 23, 2007, Ruiz and Francisco Granados Villalbe engaged in a fistfight outside of a baseball field where their children were playing. *See Guerrero Aff.* (000049-60) at 000051, 000053. Mexico further alleges that during the fistfight Ruiz took out a gun and shot Mr. Villalbe. *Id.* Multiple statements from eyewitnesses confirm the incident. *See id.* at 000054-56; *see generally Guerrero Aff., Ex. 5* (000092-96); *Guerrero Aff., Ex. 6* (000098-100); *Guerrero Aff., Ex. 7* (000102-104); *see also Guerrero Aff., Ex. 9* (000110-112) (police report dated September 23, 2007). The autopsy report, prepared by an expert in forensic medicine, concludes that Mr. Villalbe died due to "acute respiratory failure and hypovolemic shock due to a wound caused with a firearm projectile penetrating thorax . . ." *Guerrero Aff., Ex. 8* (000106-108) at 000108. On September 27, 2007, Luis Reyna Lopez, an expert in Field Criminalistics, issued a report

regarding Mr. Villalbe's death. *See generally Guerrero Aff., Ex. 11* (000119-124). After examining the corpse and the alleged location of the fistfight and shooting, Mr. Lopez concludes: "the inspected place does correspond to the original crime scene." *Id*. at 000124. Mr. Lopez further concludes: "Cause of death: respiratory failure due to lung laceration caused by a wound penetrating the thorax produced by7 [sic] a firearm projectile. This is a violent event with characteristics of a homicide." *Id.* In addition, three eyewitnesses identified Ruiz by picking him out of a photo array. *See Guerrero Aff.* (000049-60) at 000058; *see generally Guerrero Aff., Ex. 12* (000126-129); *Guerrero Aff., Ex. 13* (000131-133); *Guerrero Aff., Ex. 14* (000135-138). This is sufficient for the Court to make a proper finding of identity and probable cause. *See Glucksman v. Henkel*, 221 U.S. 508, 513 (1911).

### III. Conclusion

Based on the foregoing findings, the Court concludes that SAMUEL MARRUFO RUIZ, is extraditable for the charged offense of homicide during a fight, and thereby certifies this finding to the Secretary of State pursuant to 18 U.S.C. § 3184.

IT IS **ORDERED** that SAMUEL MARRUFO RUIZ be committed to the custody of the United States Marshal for the District of Colorado pending final disposition of this matter by the Secretary of State and surrender to designated agents of the Government of Mexico.

Dated this 18th day of July, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge